Brau Ramírez, Juez Ponente
*1375 TEXTO COMPLETO DE LA RESOLUCION
El bufete de abogados Mercado & Soto solicita la revisión, mediante el presente recurso de Certiorari, de una resolución emitida el 13 de diciembre de 1995 por el Tribunal de Primera Instancia, Sala Superior de Mayaguez, en el procedimiento sobre partición de bienes y liquidación de sociedad de bienes gananciales que se ventila ante dicho Tribunal, entre las partes de epígrafe. Mediante el dictamen en cuestión, el Tribunal denegó una solicitud del bufete peticionario para que se le pagara la suma de $34,622.75 con cargo a los bienes adjudicados a la recurrida Bárbara Joan Amelunxen por concepto de servicios prestados por el bufete durante el referido procedimiento.
Según se expone en el recurso, el Tribunal había acogido una solicitud similar más temprano en el caso y había autorizado, mediante orden del 21 de mayo de 1995, el pago de la suma de $19,843.55 a Mercado & Soto por concepto de servicios profesionales prestados a la Sra. Amelunxen. Los honorarios que ahora se reclaman se refieren a servicios adicionales prestados con posterioridad a esa fecha, con relación al mismo caso. El bufete se queja de la aparente discrepancia entre la disposición anterior y la actual negativa del Tribunal a conceder el desembolso.
Hemos examinado los documentos sometidos en apoyo al recurso de los peticionarios. De los mismos se desprende que la primera solicitud para el pago de honorarios fue presentada por los peticionarios a nombre de la Sra. Amelunxen, quien es parte en el procedimiento ante el foro de instancia. La Sra. Amelunxen solicitó que de los bienes que habrían de corresponderle como parte de la liquidación, se pagara directamente a sus abogados.
Con posterioridad a dicha fecha, el 26 de julio de 1995, y mientras estaba pendiente una segunda solicitud de pago, los peticionarios renunciaron a la representación legal de la Sra. Amelunxen. Esto significa que las actuales gestiones de cobro de la parte peticionaria se conducen a nombre del bufete y no de la Sra. Amelunxen. De hecho, la Sra. Amelunxen ha comparecido ante este Tribunal oponiéndose a la solicitud de los peticionarios y señalando la existencia de graves discrepancias entre dichas partes sobre el descargo de su encomienda, por parte de los peticionarios.
No surge, sin embargo, que el bufete peticionario hubiera presentado solicitud alguna de intervención en el litigio de autos, o que se hubiera cumplido de otro modo con el procedimiento establecido por la Regla 21.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 21.4. Tampoco se desprende que los servicios facturados hubiesen sido prestados en beneficio de la corporación que se liquida, lo que daría base a que la acreencia de los peticionarios fuese tramitada dentro del procedimiento de liquidación. Cf., 31 L.P.R.A. see. 1285; 32 L.P.R.A. sees. 2621 y ss.
Los peticionarios carecen de legitimación en estos momentos para reclamar una disposición específica de los bienes pertenecientes a su ex-cliente aunque, según determinó el Tribunal de Primera Instancia, sí pueden beneficiarse de la orden previamente dictada por dicho foro. Lo anterior, desde luego, no implica que los peticionarios no puedan reclamar directamente de la Sra. Amelunxen por el balance de la deuda alegada o que, en caso de que esta última efectivamente hubiese incumplido sus obligaciones contractuales —lo que la Sra. Amelunxen ha negado categóricamente— no puedan dirigirse contra sus bienes. Pero esta es materia para otro procedimiento.
En conclusión, no percibimos abuso de discreción en la determinación del Tribunal de Primera Instancia de denegar la solicitud de los peticionarios.
*1376 Por los fundamentos expresados, se deniega el auto solicitado. Lo pronunció él Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
.Secretaria General